# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN THOMAS LURIE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>Defendant. | Case No. CV 10-8043-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## PROCEEDINGS

On November 1, 2010, plaintiff Jonathan Thomas Lurie filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of his application for social security disability benefits. On November 2, 2010, the court issued its Case Management Order, setting forth, inter alia, a schedule for the preparation and filing of pleadings in this matter. Defendant filed his Answer on May 2, 2011, and pursuant to the Case Management Order, plaintiff's portions of the Joint Stipulation was due on May 23, 2011. On June 7, 2011, plaintiff's then-counsel filed a motion to withdraw as attorney of record, which the court granted in its June 14, 2011

1  Order.  The court further granted plaintiff until July 29, 2011 to retain counsel and
2  prepare and deliver to defendant a draft of plaintiff's portions of the Joint
3  Stipulation.  *See* June 14, 2011 Order.  The June 14, 2011 Order also admonished
4  plaintiff that "failure to comply with the Court's order may be grounds for dismissal
5  of this action without prejudice for failure to prosecute." *Id.*  On August 15, 2011,
6  defendant filed a notice with the court stating that plaintiff failed to provide
7  defendant with his portions of the Joint Stipulation, as mandated by the court's June
8  14, 2011 Order.

9  On August 19, 2011, the court issued an Order to Show Cause ("OSC")
10 directing plaintiff to show cause – in writing not later than September 9, 2011 – why
11 this action should not be dismissed for failure to prosecute.  OSC at 1.   Plaintiff was
12 informed that he may discharge the Order to Show Cause by filing, not later than
13 September 9, 2011, a written request for a reasonable extension of time for plaintiff
14 to prepare and deliver a draft of his portion of the Joint Stipulation to defendant.  *Id.*
15 The court warned plaintiff that failure to respond to the Order to Show Cause by
16 September 9, 2011 may result in the dismissal of this action without prejudice for
17 failure to prosecute.  *Id.* at 2.  The court further reiterated its earlier warning that
18 failure to prosecute this action in accordance with the Case Management Order and
19 other court orders, may result in dismissal of this action for failure to prosecute.  *Id.*
20 To date, plaintiff has not filed any response to the OSC.

## II.

## DISCUSSION

23 It is well established that a district court may dismiss a plaintiff's action for
24 failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link*
25 *v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a
26 court's authority to dismiss for lack of prosecution is necessary to prevent undue
27 delays in the disposition of pending cases and to avoid congestion in the calendars of
28 the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a

district court may dismiss an action for failure to comply with any order of the court).  But dismissal is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (1986) (per curiam).

In determining whether to dismiss a case for failure to prosecute, a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In this case, both the first factor (public's interest in expeditious resolution of litigation) and the second factor (the court's need to manage its docket) strongly favor dismissal.  Plaintiff missed the deadline to file his portions of the Joint Stipulation as mandated in the court's Case Management Order and then, after the court granted him a forty-five day extension, he ignored the court's June 14, 2011 Order requiring him to submit it by July 29, 2011.  Plaintiff also ignored the court's OSC, filing nothing in response even though he was warned that failure to do so could result in dismissal of this action.  It has now been over three months since plaintiff filed anything in this action, despite the court's repeated orders for him to do so.  Plaintiff's noncompliance with the court's orders has "caused [this] action to come to a complete halt, thereby allowing plaintiff[] to control the pace of the docket rather than the Court."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks and citation omitted).  Allowing him to continue to do so would frustrate the public's interest in the expeditious resolution of litigation, as well as the court's need to manage its own docket.  *See id.*

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests that such a presumption is unwarranted here.

1  Plaintiff has provided the court with no explanation – much less a reasonable excuse
2  – for his failure to timely file either his portions of the Joint Stipulation or a response
3  to the OSC.  *See Yourish*, 191 F.3d at 991-92 ("Plaintiff['s] paltry excuse for his
4  default on the judge's order indicates that there was sufficient prejudice to
5  Defendants from the delay . . . .").  Thus, the third factor also weighs in favor of
6  dismissal.
7        It is a plaintiff's responsibility to move a case toward a disposition at a
8  reasonable pace and to avoid dilatory and evasive tactics.  *See Morris v. Morgan*
9  *Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  By failing to comply with the
10 court's June 14, 2011 Order, and by failing to respond to the court's OSC, plaintiff
11 has not discharged this responsibility.  In these circumstances, the public policy
12 favoring resolution of disputes on the merits does not outweigh plaintiff's failure to
13 move this case toward a disposition at a reasonable pace.  Thus, the fourth factor
14 weighs in favor of dismissal.
15       Finally, the court attempted to avoid dismissal by: (1) advising plaintiff in its
16 June 14, 2011 order that failure to comply with the court's order may be grounds for
17 dismissal of this action without prejudice for failure to prosecute; and (2) advising
18 plaintiff in its August 19, 2011 OSC that failure to respond to the OSC, or failure to
19 prosecute this action in accordance with the Case Management Order and other court
20 orders, may result in dismissal of this action for failure to prosecute.  Plaintiff has
21 not complied with the court's June 14, 2011 Order, has not responded to the August
22 19, 2011 OSC, and has not otherwise communicated with the court.  The court notes
23 that the instant action is being dismissed without prejudice, a significantly less
24 drastic sanction than dismissal with prejudice.  Thus, the fifth factor weighs in favor
25 of dismissal.
26       Based on the foregoing, the court finds that dismissal of the complaint is
27 warranted for failure to prosecute.
28 / / /

4

## III.
## **ORDER**

IT IS THEREFORE ORDERED that the complaint is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: September 21, 2011

_____
HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE

5